IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 07-cr-00429-REB

UNITED STATES OF AMERICA,

Plaintiff,

v.

DINH VO,

Defendant.

_____

# ORDER
_____

This matter arises on the defendant's **Motion for Reconsideration of Detention Based on New Evidence** [Doc. # 837, filed 6/29/2009] (the "Motion"). I held a hearing on the Motion on July 30, 2009, received evidence, and heard the arguments of counsel. The Motion is DENIED.

The defendant is charged by an Amended Superseding Indictment [Doc. # 34] with five counts:

Count Seventy with knowingly and intentionally conspiring to possess with intent to distribute, and to distribute a mixture or substance containing a detectable amount of 3, 4-methylenedioxy methamphetamine (MDMA) (commonly known as "Ecstasy"); and

Counts Eighty, Eighty-One, Eighty-Two and Eighty-Three with knowingly usinig a communications facility in committing and in causing and facilitating the commission of conspiring to possess with intent to distribute, and to distribute a mixture or substance containing a detectable amount of 3, 4-methylenedioxy methamphetamine (MDMA). The defendant was

arrested and made his initial appearance on July 16, 2008. See Minutes [Doc. # 65]. The government moved for detention. Id. Subsequently, the government withdrew its motion to detain, Minutes [Doc. # 140, filed 7/21/2009], and the defendant was granted pretrial release subject to a $10,000 unsecured Appearance Bond [Doc. # 154] and an Order Setting Conditions of Release [Doc. # 155, filed 7/21/2008]. Among other conditions, the defendant was required to "refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner" and to "submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance." Order Setting Conditions of Release [Doc. # 155] at ¶ (7)(p) - (q). The defendant was released from custody on July 21, 2008. Id. at p.3.

Subsequently, the government moved to revoke the defendant's bond, alleging that he had violated the terms of his release by failing to submit random urine samples for drug testing on August 29, October 20, November 21 and 25, and December 2, 2008. In addition, the defendant admitted to his supervising officer on November 25 and December 3, 2008, that he had used marijuana. On December 3, 2008, the defendant submitted a urine sample that tested positive for marijuana. A bond revocation hearing was held on January 6, 2009 [Doc. # 484], where the defendant waived his right to a preliminary hearing in connection with the alleged bond violations and argued that he should be allowed to continue on pretrial release subject to additional conditions. Importantly, the defendant did not challenge the government's allegations of missed drug tests and admitted marijuana use.

I granted the government's motion to revoke bond and entered an Order of Detention [Doc. # 486, filed 1/6/2009].  In the Order of Detention, I relied on 18 U.S.C. §3148(b) which provides that when there is probable cause to believe that a defendant has violated a condition of pretrial release the judicial officer "shall" detain the defendant upon findings (1) by clear and convincing evidence that the defendant violated a condition of release and (2) that the defendant is unlikely to abide by any condition or combination of conditions of release.  In addition, I made the following factual findings:

> There is clear and convincing evidence that the defendant violated a condition of his release by, among other things, missing numerous random urine tests and admitting to the use of marijuana.
>
> In addition, I find based on the defendant's history and personal characteristics that the defendant is unlikely to abide by any condition or combination of conditions of release.  The defendant was released on reasonable and non-burdensome conditions but has repeatedly and in various ways violated those conditions, demonstrating an inability to follow court orders.

Id. at p.3.

The defendant sought review of my Order of Detention by the district judge pursuant to 18 U.S.C. § 3145(B)  The district judge conducted a *de novo* review of the detention issue, see Courtroom Minutes [Doc. # 490, filed 1/12/2009], and affirmed my Detention Order ruling:

> Both before [M]agistrate [J]udge Boland and me the defendant admitted that he violated the conditions of his bond as charged by the government.  Thus, the violations of bond have been established as a matter of fact.
>
> \* \* \*
>
> Defendant's conduct historically and recently is inconsistent with the redimentary requirements that a person admitted to bail must lead a law abiding life and must comply with all relevant court orders, because respect for the law and judicial authority are integral to the *sine qua non* for compliance with the mandatory,

> standard, and special conditions of bond, which are specifically
> designed and intended to protect the public from further crimes
> perpetrated by the defendant.
>
> Relevantly, the defendant poses a danger to the community if
> released. The danger exists because of the synergistic effects of
> his philosophy, which evinces a continuing disrespect for the law
> and the right of others; his criminal record, which includes two
> failures to appear; his ostensible involvement in the crimes
> charged; his continuing drug use; and his inability to consistently
> comply with conditions of bond.

Order Denying Defendant Dihn Vo's Motion for Revocation of Detention Order [Doc. # 491, filed 1/20/2009] at pp.3-4.

The defendant has been detained since January 6, 2009.

In his Motion, the defendant argues that new evidence exists justifying his pretrial release. According to the defendant, the government's evidence against him consists of the following:

> The evidence disclosed against Dihn Vo consists of: (a) the
> government claims he was a party to a series of intercepted
> telephone calls on June 21 and 22, 2007 setting up an alleged drug
> deal to take place at the Ocean Journey Restaurant located in
> Denver, Colorado, (b) surveillance of a red car, on June 22, 2007,
> registered to two persons residing at the same location as Dihn Vo,
> driving up to the restaurant, picking up someone who had exited
> the restaurant, driving away for several minutes, returning and
> dropping off the passenger, (c) concluding Dihn Vo was the driver
> of the red car from a review of DMV driver's license photographs
> and the opinion of Officer Perez of the Denver Police Department
> who had arrested Dihn Vo some seven years earlier. . . .

Motion [Doc. # 837] at ¶3.

The defendant has engaged an expert witness to conduct a "voice spectrograph analysis of the voices on the intercepted telephone calls." Id. at ¶4. According to the defendant, that analysis has caused the expert to conclude that it is not the defendant's voice on the intercepted

4

telephone calls. As a result, "[t]he defense submits the expert voice analysis opinion eviscerates any probable cause that [the defendant] was involved with the crimes alleged." Id. at ¶8.

The Motion appears to be premised on the provisions of 18 U.S.C. § 3142(f)(2)(B), which provide in relevant part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Section 3142(f)(2)(B) appears to address reopening an initial detention hearing conducted under 18 U.S.C. § 3142. It is not clear that the section applies here, where the defendant is detained under § 3148(b) based on violations of previously imposed conditions of release.

That distinction notwithstanding, I find that the defendant should be detained pending trial even in the face of the new evidence concerning voice spectrograph analysis of the voices on the intercepted telephone calls. First, the defendant has presented no evidence that he did not violate the terms of his pretrial release and no evidence tending to show that he will be able to abide by any reasonable conditions of release. Consequently, detention under 18 U.S.C. § 3148(b) appears to be proper and necessary.

Even if the detention analysis is broadened to the full panoply of considerations under section 3142, however, I find that the defendant should be detained. Section 3142(g), 18 U.S.C., establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

5

>    (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
>    (2)   the weight of the evidence against the person;
>
>    (3)   the history and characteristics of the person including–
>
>       (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>       (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>    (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

I find based on the defendant's history and personal characteristics that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Specifically, Count Seventy of the Amended Superseding Indictment charges an offense directly involving a narcotic drug. In addition, at the time of his detention the defendant was described as unstable in the community because he had been asked to move out of his family home and he could not provide to his supervising officer the address of his girl friend where he intended to live; he was terminated from his employment upon his initial arrest on the charges pending here and remained unemployed at the time of his detention; he admitted to the use of drugs even after his arrest and contrary to the express terms of his pretrial release; and he has an extensive

criminal history which includes disturbing the peace, disorderly abuse, shoplifting, trespass, carrying a concealed weapon, aggravated motor vehicle theft, and numerous driving offenses. The defendant failed to appear as required on at least two occasions, and there is evidence that the defendant used two Social Security numbers.  The new evidence goes to the weight of the evidence against the defendant in this case.  That is one of many factors to be considered in connection with determining detention, and a detention hearing is not a substitute for trial of the charges.  Although the voice spectrograph analysis evidence may support the defense (and possibly even strongly so), the government also relies on evidence of a positive visual identification of the defendant as proof of its case.

In considering the dangerousness element, I adopt the findings of the district judge in his Order Denying Defendant Dihn Vo's Motion for Revocation of Detention Order [Doc. # 491]:

> In my dangerousness calculus, I may consider and have considered more than mere danger of physical violence. . . .  Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community.

(Internal citation and quotation omitted.)  There is clear and convincing evidence that the defendant may engage in criminal activity to the detriment of the community if released on bond, including particularly his admitted use of marijuana previously while on release.

Under the totality of the circumstances, I find that there are no conditions or combination of conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community.

IT IS ORDERED that the Motion is DENIED.

Dated July 31, 2009.

                                  BY THE COURT:

                                  s/ Boyd N. Boland
                                  United States Magistrate Judge